UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Tierra Russell**<br>**17806 Susan Avenue**<br>**Clevland, Ohio 44111**<br><br>**Plaintiff,**<br><br>v.<br><br>**Bill Me Later, Inc.**<br>**836 Park Avenue, Second Floor**<br>**Baltimore, Maryland 21201**<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>**Defendants.** | CASE NO.: 1:14-cv-00030<br><br>JUDGE<br><br><u>COMPLAINT</u><br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Tierra Russell, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Bill Me Later, Inc. (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICITON

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Tierra Russell (hereafter "Plaintiff"), is an adult individual whose residence is in Cleveland, Ohio, and is a "person" as defined by 47 U.S.C. § 153(10).

4. The Defendant, Bill Me Later, Inc. ("Bill"), is a Maryland business entity with an address of 836 Park Avenue, Second Floor, Baltimore, Maryland 21201, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendants John and Jane Does 1 - 10 are the individual agents for the Bill, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

6. Bill at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last four years, Bill contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

8. At all times mentioned herein, Bill contacted Plaintiff by placing calls to Plaintiff's cellular phone, number 216-xxx-6939, using an automated telephone dialer system ("ATDS") and/or an artificial or prerecorded voice.

9. When Plaintiff answered ATDS calls from Bill, she would hear a prerecorded message stating that the message was intended for her, and if the individual answering the call was not Plaintiff, to hang up the phone.

10. During a conversation with a live representative that took place during the month of November, 2013, Plaintiff requested that Bill cease calling her cellular phone attempting to collect. In response, Bill stated that they could not remove Plaintiff's number from their system.

11. Despite Plaintiff's request, Bill continued to harass Plaintiff with ATDS calls to her cellular phone with over 21 additional calls, causing Plaintiff significant inconvenience.

## COUNT I

### (Violations of the Telephone Consumer Protection Act) (47 U.S.C. § 227, *et seq.*)

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Defendants contacted Plaintiff using an ATDS and/or by using a prerecorded or artificial voice on her cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

14. To the extent Defendants had consent to contact Plaintiff on her cellular telephone, Plaintiff effectively revoked her consent to be contacted by Defendants on her cellular telephone by her demand to cease calling same.

15. Despite Plaintiff's request, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

19. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Invasion of Privacy by Intrusion upon Seclusion)

21. Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully restated herein.

22. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

23. Ohio recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio state law.

24. Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls.

25. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

26. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

28. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful or intentional pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages from Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

4. Punitive damages; and

5. Such other and further relief as this Court may determine to be just and

proper.

Dated: <u>January 8, 2014</u>

                                                Respectfully submitted,

                                                By:   /s/ *Sergei Lemberg*

                                                Sergei Lemberg, Esq.
                                                LEMBERG LAW, L.L.C.
                                                A Connecticut Law Firm
                                                1100 Summer Street, 3rd Floor
                                                Stamford, CT 06905
                                                Telephone: (203) 653-2250
                                                Facsimile: (203) 653-3424
                                                Email: slemberg@lemberglaw.com
                                                Attorneys for Plaintiff:
                                                Tierra Russell

## **JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

                                                       /s/ *Sergei Lemberg*
                                                    Sergei Lemberg, Esq.